UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2016 AUG 15 A 11: 46
JON W. SANFILIPPO
CLERK

Milwaukee Community Service Corps. Inc.

Lori A. Howe

1441 North 7th Street,

Milwaukee, Wisconsin 53205

    Plaintiffs

V                              Case Number:    16-C-1081

Fidelis Omegbu

Ekwutosi Ichefu (Wife)

2725 West. Highland Blvd. Aot. 412

Milwaukee, Wisconsin 53208

    Defendants.

# Discrimination Charges to rent a HUD Property: Refusal to Rent to Nigerian American Family

## A. PARTIES

1. Plaintiffs are Citizen of Wisconsin and resides at 1441 North 7th, Street, Milwaukee, Wisconsin 53205.

2. Defendants, Fidelis Omegbu, and Ekwutosi IChefu are husband and Wife Citizens of Wisconsin and resides at 2725 West Highland Blvd. Apt.412, and are disabled and retired.

## B. STATEMENT OF CLAIM.

## 1. Who violated your rights

Plaintiffs violated my rights in this case, because I did not owe them, and did not have a written Lease Agreement, no contract and obligations to pay rent of $425.00 every month. Defendants were invited by a Real Estate Broker on July 16th, 2012 to rent a property at 1830 West Meinecke, Milwaukee, Wisconsin 53206. After showing the property, defendants rented the property on August 1st, 2012, for $425.00 per month. The Broker collected security deposit of $425.00 plus first month rent on July 29th, 2012 before move in to the property on August 1st, 2012. The Broker further promised the Owner, plaintiffs would provide a "Lease Agreement" to Defendants within a few days; and that defendants were free to move in without the lease Agreement for a short time.

  Defendants agreed after consultation with the plaintiffs that the lease is been prepared, the funds certified, and that defendants should be allowed to rent the premises. Thus, defendants moved into the premises of 1830 West Meineckee, in Milwaukee, Wisconsin 53206 without a "Lease Agreement" paying $425.00 every month; and there was no late payment, no issues, nothing affecting the use of the property.

When defendants demanded a written "Lease Agreement", plaintiffs refused till this day. Defendants were warned that any further inquiry of a Lease Agreement will result into an Eviction from the property because they did not intend to rent to Nigerian Family in their house. After 8 months since defendants have been living in the premises, defendants made another demand of lease Agreement, which was denied by plaintiffs. Unbeknoweth, plaintiffs filed an eviction action against defendants claiming that it must vacate its property. Plaintiffs' First Eviction Action against Defendants. Plaintiffs filed its first Eviction action CASE NUMBER 2015SC005908 against FIDELIS OMEGBU maliciously, without any reason but to show that he is white and can abuse a Blackman at will.

Several hearings were heard and on April 17th, 2015 the eviction was dismissed by the Court. The 2nd Cause of action, was $10,000.00 and Milwaukee Community Service Corps and Lori A. Howe did not prosecute any money claimed to the court, and all actions on this case ended. No return date was scheduled and no further hearing. Yet, Defendants continue to reside at the premises thinking that a settlement as promised will ensure, and paid his monthly rent timely, April, May, June, July, August, September, and October based on a letter of HUD advisement on a Month to Month Lease.

Unbeknoweth, and Specifically on November 2nd 2015 at 8:30 A.M Milwaukee Community Service Corps and Lori A. Howe motioned the Court to rre-open cause 2015 SC005908. The Court refused to re-open the action of case 2015SC005908 but affirmed its dismissal order.

During the times of 2015SC005908, and 16SC0001666, plaintiffs was appearing pro se using Ms Lori A howe for all its filings. Thus, plaintiffs hired an attorney to prosecute the eviction against Defendants. Fidelis Omegbu, defendant answered Eviction action filed by Plaintiffs Case Number 16SC000566 wkich was heard February 1st, 2016.

---

Again, without notification plaintiffs filed Second Eviction, CASE NO. 16SC0001666. Several hearings were heard and on March 25th, 2016 the eviction was dismissed by the Court. Also, defendants continued to reside at the premises hoping for settlement as promised. The 2nd Cause of action, was $1,716.00. The Milwaukee Community Service Corps and Lori A. Howe did not prosecute any money claimed owed them to the court, and all actions on this case ended. No return date was scheduled and no further hearing. This second Eviction action was malicious, oppressive, with discriminatory intent that the Judge came down from the bench to plead with the plaintiffs to settle the matter before it becomes a major issue but the plaintiffs refused. This case was dismissed, and no 2nd cause of action was not prosecuted.

---

Now, and again, comes Milwaukee Community Service Corps and Lori A. Howe on another eviction action against Fidelis

Omegbu and his wife Ekwutosi Ichefu after hiring Lawyer for Third Eviction Action case 16SC009672. It appears that this case was filed April 5th, 2016; with a return date of April 20th, 2016 at 1:30 P.M. Defendants were served on April 12th, 2016, with a return date of April 20th, 2016. Now, as to this third Eviction action, Fidelis Omegbu and his wife admitted, asserted, denied, and asked the court to dismiss the action with cost against the Milwaukee Community Service Corps Inc for failure to prosecute an eviction action against them.

It is a harassment, and an abuse of process to continue to file eviction actions against defendants. Defendants were served 28-day notice to vacate the premises at 1830 W. Meinecke Avenue, Milwaukee, Wisconsin 53206. In receipt of same, vacated the premises and has no property, effects, personal in the address of 1830 West Meinecke aforesaid on April 12th, 2016. Due to the contentious attitude of the Milwaukee Community Service Corps and Lori A. Howe, which resulted to three cases of eviction, from March 2015 to this present April 20, 2016; Fidelis Omegbu and his wife delivered the keys of the premises to the Court on the return date of the eviction hearing April 20th, 2016.

## 5.  Why they did it, if you know

Again, the return of the Keys to the Court was objected by Milwaukee Community Service Corps and Lori A. Howe . They were contentious and denied that Fidelis Omegbu and his wife had removed from their property, that it was just a lie.

(a) They called one of their Employees, and directed him to go to the property to verify that no personal effect was in the property and return with a phone call immediately.

(b) They asked the commissioner not to admit that defendantss removed since they had not received a call. (c) In compliance, the Commissioner wrote an agreement between her and the defendants with his wife signing that they have removed from the premises. (d) After Fidelis Omegbu and his wife had signed the agreement with Commissioner, and plaintiffs had a camera pictures taken of the Commissioner's order and receipt of same.

Defendants say that Milwaukee Community Service Corps and Lori A. Howe have malice, had animus, racial intent, animus against them, even in the courtroom where they were represented by counsel. Plaintiffs' discriminatory intent was capricious, intentional, and prejudicial in the courtroom of the commissioner only to further humiliate Fidelis Omegbu and his wife to a lower standard than themselves.

Defendants are Nigerian Americans from the Igbo tribe that plaintiffs had refused rental based on ethnicity and National origin. Plaintiffs are so enameled to malice and prejudice against Fidelis Omegbu and his wife; that they could not believe that defendants removed from the property; this is malice at its worst, because defendants were under oath.

The Court commissioner denied all the contentious behavior and dismissed the eviction action forthwith; and scheduled the 2nd Cause of action of damages on June 8th, 2016 for all parties. The demand for the 2nd, Cause of action

was about $2900.00 There were no prosecution from the plaintiffs, thus defenddants filed a counterclaim.

It is a harassment, and an abuse of process to continue to file eviction actions against defendants. The actual proofs of any money owed must be provided to the court on trial, and defendants have always stated that they do not owe a cent. Also, there is no lease provided defendants since August 1st, 2012. Defendant and his wife were in a month rental statutorily. This is discrimination and hatred against defendants wihout legal cause or reasons while collecting rent

---

Wisconsin Supreme Court has explained an abuse of process as follows:

> "one who uses a legal process, whether criminal or civil, against another to accomplish a purpose for which it is not designed is liable to the other for the pecuniary loss caused thereby" <u>Sirid v. Converse,</u> **111 Wis2d 418, 428, 331N.W.2d. 350 (1983)**

## C. JURISDICTION

I am suing for violation of Federal law under 28U.SC.§ 1331.

Plaintiffs injured defendants, though civil, were a result of plaintiffs actions and are causes of actions accrued under the Due Process cause of Actions in <u>Sirid v. Converse,</u> 111 Wis2d 418, 428, 331N.W.2d. 350 (1983). Defendants rely on this authority and others to the proposition that plainiffs are liable to defendants.

# Defendants' Section 1983 Civil Rights-Discrimination Claims .

Defendants have filed counterclaim that has not been answered by the plaintiffs. Defendants in this instant case rely on <u>U.S. v. Balistrieri,</u> 981 F.2d 916 (7th, Cir.1992) for the statement in Fair Housing Act (FHA) provision governing acts brought by defendants for award preventive and other relief .

This case is brought about property owners, and rental agent for violation of FHA. **Civil Rights Act of 1968,** § (814(d)(1)(A-C), **as amended**, 42 U.S.C.A.§ 3614 (d)(1)

In <u>U.S. v. Balistrieri,</u> 981 F.2d 916 (7th, Cir.1992) the United State District Circuit for the Eastern District of Wisconsin, awarded damages for emotional distress for individuals discriminated against, awarded damages to local fair housing organization, enjoined owner from further discrimination rental practices, ordered owner to prepare plan to establish nondiscriminatory rental procedures and imposed civil penalties on owner and rental agent.

## D.   Relief Wanted.

It is a known fact, admitted that plaintiffs receive funding money from the Unites States Housing and Urban development (HUD),  and though have the money distributed these grants to various agencies of the City of Milwaukee, which gave lots of money to plaintiffs to implement the FHA as **Civil Rights Act of 1968,** § (814(d)(1)(A-C), **as amended**, 42 U.S.C.A.§ 3614 (d); U.S.C.A. Const. Amend.

In this case, defendants ask United State Court to do the same in awarding (1) emotional distress to the defendants discriminated against, (2) award damages to local fair housing organization,(3) enjoined owner from further discriminatory intent on rental practices, (4) rental procedures and imposed civil penalties on owner and defendants.(5) punish plaintiffs seriously in monetary painful, punitive damages according to *U.S. v. Balistrieri,* 981 F.2d 916 (7th, Cir.1992).

### E. JURY DEMAND

I want a jury to hear my case. Yes

I declare under penalty of perjury that foregoing is true and correct.

Complaint signed this 15th, Day of August 2016.

Respectfully Submitted

_____  Ekwutosi Ichefu

Signature of Defendants

By: Fidelis Omegbu Ekwutosi Ichefu

Pro se Defendants

Counterclaim Pro Se

2725 West Highland Blvd Apt. 412

Milwaukee, Wisconsin 53208

Telephone : (414 795-9974

Email: fidelis@inbox.com  CC: Ngozie Omegbu